# Supreme Court of Texas

---

No. 25-0812

---

Helena Chemical Company,

*Petitioner,*

v.

Phillip Bales, Derek Dieringer, Wilbert Dieringer, Michael Hoch, CMH Farms, Inc., MH Farms Services, Inc., Whit Braden, Donald Braden, and Streicher Farms, Inc.,

*Respondents*

---

On Petition for Review from the
Court of Appeals for the Eighth District of Texas

---

**PER CURIAM**

Justice Devine did not participate in the decision.

A Texas trial court may permit an interlocutory appeal from an order that "involves a controlling question of law as to which there is a substantial ground for difference of opinion." TEX. CIV. PRAC. & REM. CODE § 51.014(d)(1). If a trial court says one thing, but an appellate court seems to have previously said another, is that "a substantial ground for difference of opinion"? We hold that Section 51.014(d)(1) is

satisfied when there is a substantial ground for concluding that a trial-court ruling is at odds with binding precedent.

**I**

In this case, a group of farmers claim that Helena Chemical Company damaged their crops through the aerial application of herbicide to a neighboring property. Those facts might sound familiar. We previously decided a case involving a similar set of facts but different farmers in *Helena Chemical Co. v. Cox*, 664 S.W.3d 66 (Tex. 2023). In that case, we determined that the farmers' expert testimony fell short. We ultimately held that the experts failed to "account for plausible alternative causes" for the crop damage, *id.* at 82, and "offered no reliable way to extrapolate from the small number of positive lab tests any conclusion at all about . . . the rest of the vast and scattered acreage for which recovery [was] sought," *id.* at 77. The experts' testimony was therefore "no evidence of causation." *Id.* at 78. And we concluded that, without that evidence, the farmers raised no genuine issue of material fact to survive summary judgment. *Id.* at 82.

Helena argues that the farmers in this case have offered the *same* expert testimony to prove the *same* claims as before.[1] It therefore moved to strike the expert opinions and for a no-evidence summary judgment, arguing that our precedent in *Cox* controlled. The farmers disagreed,

---

[1] Helena notes that we referenced the group of farmers involved in *this* lawsuit in a footnote in *Cox*. There, we referenced a Rule 11 agreement in which the parties' lawyers "agreed that certain expert affidavits and depositions could be used in both cases." *Cox*, 664 S.W.3d at 71 n.3. We noted that the agreement was "intended to eliminate needless duplication of discovery and to permit the use of the expert opinions." *Id.*

arguing in part that *Cox* "side-stepp[ed] long-settled jurisprudence" and was simply incorrect. The trial court did not rule on the motion to strike and denied the motion for summary judgment, but it granted Helena permission to appeal its order on the following question: "[D]oes the Texas Supreme Court's holding in *Helena Chemical Company v. Cox*, 664 S.W.3d 66 (Tex. 2023), dictate that [the farmers'] expert scientific testimony is unreliable as a matter of law and amounts to no evidence of causation?"

In denying summary judgment, the trial court did not directly express any disagreement with our precedent. That is, perhaps, unsurprising. *See Mitschke v. Borromeo*, 645 S.W.3d 251, 256 (Tex. 2022) ("[L]ower courts must follow the precedents of all higher courts."). Still, the trial court acknowledged that its ruling might not be aligned with our precedent by allowing the permissive appeal on that question. The court of appeals, however, denied permission to appeal. It noted Helena's argument "that *Cox* provides controlling precedent in its favor, and such authority obligated the trial court to rule in its favor on its motion for summary judgment." ___ S.W.3d ___, 2025 WL 1803385, at *2 (Tex. App.—El Paso June 30, 2025). But that very fact supposedly meant that an interlocutory appeal was inappropriate. The court concluded that Helena "fail[ed] to demonstrate how *Cox*'s applicability as controlling precedent amounts to 'a controlling question of law as to which there is a substantial ground for difference of opinion.'" *Id.* (citing TEX. CIV. PRAC. & REM. CODE § 51.014(d)). The court reasoned that "settled questions of law are not proper for a permissive appeal because they are not subject to a substantial ground for difference of opinion."

3

*Id.* And the court agreed with Helena that the question in the case was settled, holding that "the standards applied to determine the admissibility of expert testimony in a toxic tort case are well-established." *Id.* at *3. Because Helena did not "explain how *Cox*'s applicability is novel or difficult to ascertain, how the controlling law is doubtful, or whether there is little authority upon which the trial court could rely," but instead argued that controlling precedent answered the question, there was no ground for difference of opinion. *Id.*

Helena petitioned this Court for review, arguing that the court of appeals misunderstood Section 51.014(d)'s requirement that there be "a substantial ground for difference of opinion." According to Helena, disagreement among different courts amounts to "a substantial ground for difference of opinion," and such disagreement existed here. The trial court's order permitting appeal asked whether, under our Court's precedent in *Cox*, the experts were unreliable as a matter of law. Helena says our Court's precedent answers "yes," but "the trial court—a rightly respected trial judge—answers 'no.'"

**II**

While our law has traditionally permitted appeals only from "final decrees and judgments," the Legislature has created numerous exceptions to this final-judgment rule. *See Indus. Specialists, LLC v. Blanchard Refin. Co.*, 652 S.W.3d 11, 13-14 (Tex. 2022). Section 51.014(a) authorizes several categories of "interlocutory appeals as of right," that is, appeals that parties do not need judicial permission to take. *Sabre Travel Int'l, Ltd. v. Deutsche Lufthansa AG*, 567 S.W.3d 725, 730 (Tex. 2019); TEX. CIV. PRAC. & REM. CODE § 51.014(a).

Section 51.014(d), by contrast, authorizes *permissive* interlocutory appeals. Under that statute, a trial court can grant permission for an appeal only if (1) "the order to be appealed involves a controlling question of law as to which there is a substantial ground for difference of opinion" and (2) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." TEX. CIV. PRAC. & REM. CODE § 51.014(d). Even where a trial court grants permission, the court of appeals has discretion whether to accept the appeal. *Id.* § 51.014(f).

This case involves Section 51.014(d)(1)'s requirement that the order include "a controlling question of law as to which there is a substantial ground for difference of opinion." The court of appeals held that there is no "substantial ground for difference of opinion" when, as Helena argued in this case, controlling precedent settles the question. But when a trial court denies a motion and its grant of permission to appeal recognizes that the denial may be at odds with controlling precedent, the daylight between the two courts is enough to establish the difference of opinion that Section 51.014(d)(1) requires.

In each case where an interlocutory appeal is permitted, the trial court will have answered some "controlling question of law." *Id.* § 51.014(d)(1). The trial court's answer should be treated as the product of a fair-minded jurist and used as the baseline for assessing whether there exists "a substantial ground for difference of opinion." *Id.* When, as in this case, the trial court comes to a conclusion it believes might be wrong under our precedent, we should take the court at its word. Under such circumstances, there is a substantial ground for concluding that

5

the trial court's answer is at odds with binding precedent, and we have no trouble spotting a difference of opinion. As Helena argues, the only way to avoid such an outcome is "to conclude that the trial court is so incredibly wrong that its ruling is not reasonable enough to create a substantial ground for difference of opinion."

True, the trial court's order does not detail any grievances with our precedent in *Cox*.[2] But Section 51.014(d) is not a means of identifying well-developed questions worthy of a moot-court competition. The statute is, rather, a mechanism for resolving cases through the "early, efficient resolution of determinative legal issues." *Sabre*, 567 S.W.3d at 732. Section 51.014(d)'s second prong only reinforces this focus. Under that requirement, a trial court must determine that the immediate appeal "may materially advance the ultimate termination of the litigation." TEX. CIV. PRAC. & REM. CODE § 51.014(d)(2). When a trial court has indicated that its ruling may be contrary to our precedent, and it expresses uncertainty on an issue that would end the litigation, that condition is certainly met. Hearing a permissive interlocutory appeal would allow for the efficient correction of error and resolution of this case.

*        *        *

When a trial court decision is at odds with binding precedent, as it seemed to be in this case, the ground for difference of opinion is both substantial and self-evident. Instead of asking whether our law on the

---

[2] *But see VCC v. Allied World Specialty Ins. Co.*, No. 01-24-00599-CV, 2025 WL 1225117, at * 3 (Tex. App.—Houston [1st Dist.] Apr. 28, 2025, pet. filed) (explaining that the trial court said on the record, "I don't like that controlling legal precedent").

6

admissibility of scientific evidence is already settled, the court of appeals should have acknowledged the trial court's answer to that question, accepted the appeal, and made short work of the case.

Without ordering merits briefing or hearing oral argument, *see* TEX. R. APP. P. 55.1, 59.1, we grant the petition for review and direct the court of appeals to accept the appeal, *see* TEX. CIV. PRAC. & REM. CODE § 51.014(h).

**OPINION DELIVERED:** May 15, 2026